DECISION AND JUDGMENT ENTRY {¶ 1} Jeanna Waugh ("Appellant") appeals the decision of Pickaway County Court of Common Pleas denying her motion to withdraw her plea of guilty to one count of passing bad checks. She contends the trial court's ruling on her motion was entered against the manifest weight of the evidence, in violation of her due process rights. Because we find the trial court did not abuse its discretion in denying the Appellant's motion to withdraw her guilty plea, we affirm its judgment. *Page 2 
 I. Facts {¶ 2} On September 8, 2006, a Pickaway County Grand Jury indicted the Appellant on one count of passing bad checks in violation of R.C.2913.11(B), a felony of the fifth degree. The Appellant entered a plea of guilty to the charge on October 18, 2006. The trial court subsequently ordered a pre-sentence investigation.
 {¶ 3} On March 9, 2007, the Appellant filed a motion to withdraw her guilty plea pursuant to Crim.R. 32.1, alleging that her husband committed the acts that caused the Grand Jury to file the indictment against her in the instant matter. The trial court heard the motion on the same day. The Appellant took the stand on her own behalf in support of the motion, testifying that her husband, Jeremiah Waugh, had given her signature rights on his checking account and that she spent approximately four months trying to correct the problem prior to her indictment. She also testified that she contacted a company about a money order to pay the amount owed, but she was unable to produce any documentation of the money order to the trial court.
 {¶ 4} On April 11, 2007, the trial court denied the Appellant's motion to withdraw her guilty plea, and sentenced her to three years of community *Page 3 
control. The Appellant now appeals this judgment, asserting the following assignment of error:
 II. Assignment of Error {¶ 5} 1. THE LOWER COURT'S RULING ON THE MOTION TO WITHDRAW PLEA WAS ENTERED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF DUE PROCESS.
 III. Legal Analysis {¶ 6} In her sole assignment of error, the Appellant contends the trial court's ruling on her motion was entered against the manifest weight of the evidence, in violation of her due process rights. We construe her assignment of error to be a challenge of the trial court's denial of her motion to withdraw her guilty plea.
 {¶ 7} A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. State v. Xie (1992), 62 Ohio St.3d 521,584 NE.2d 715, paragraph one of the syllabus. CrimR. 32.1 provides,
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 8} A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.Xie, supra, at 527. Absent an abuse of discretion on the part of the trial court in *Page 4 
making the ruling, its decision must be affirmed. Id. In order to find an abuse of discretion, we must find that the trial court's ruling was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 9} At the hearing on the Appellant's motion to withdraw her guilty plea, the Appellant testified that her indictment stemmed from her husband's actions, because he and his mother controlled the bank account and misinformed the Appellant as to the amount of money available in the account. The Appellant admitted in the course of testimony that she was given from May 2006 until September 2006 to correct the problem and pay the amount due to Peebles department store. The trial court gave the Appellant the time from the hearing on March 9, 2007, until the subsequent hearing on April 11, 2007, to produce documentation that she had attempted to correct the problem prior to the filing of the indictment. The Appellant did not produce such documentation. In fact, the State ("Appellee") produced a receipt to the trial court indicating that the Appellant finally paid Peebles department store the amount owed, but did not tender said payment until four days after she was indicted on the passing bad checks charge.
 {¶ 10} In addition to the Appellant's testimony, the transcript of the October 18, 2006 plea hearing indicates the Appellant entered her guilty plea *Page 5 
knowingly, intelligently, and voluntarily. The trial court advised her of the maximum penalty and fine for the passing bad checks charge. She, in turn, acknowledged that she could read and write and that she signed the petition to enter a guilty plea. The trial court advised the Appellant of the constitutional rights she was relinquishing by entering a guilty plea. The trial court also advised the Appellant that she would be subject to post-release control once released from any prison term that might be imposed by the court, and advised her of the penalties for violating post-release control. After she was advised of all of these rights in the presence of her appointed counsel, the Appellant entered a plea of guilty to the passing bad checks charge. In light of these facts, the trial court did not abuse its discretion when it denied the Appellant's motion to withdraw her guilty plea. Accordingly, we overrule her sole assignment of error, and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 6 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment Only. Kline, J.: Concurs in Judgment and Opinion. *Page 1